UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

NATHANIEL WILSON,

                              PLAINTIFF,

-AGAINST-

CITY OF NEW YORK, POLICE OFFICER THOMAS
GILMORE, POLICE OFFICER ANTHONY SARRICA,
and POLICE OFFICER CHRISTOPHER DALTO,
individually and in their capacity as members of the New
York City Police Department

                              DEFENDANTS.

**SECOND AMENDED COMPLAINT**

**16-cv-01141 (RRM)(LB)**

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Nathaniel Wilson ("Mr. Wilson"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 14, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Wilson to *inter alia* use of excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

## PARTIES

5. Plaintiff, Mr. Wilson, is a United States citizen and at all times here relevant resided at 435 Lincoln Avenue, Brooklyn, NY 11208.

6. New York City is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Thomas Gilmore, shield number 5246, ("PO Gilmore"), Police Officer Anthony Sarrica ("PO Sarrica"), shield number 31527, and Police Officer Christopher Dalto ("PO Dalto") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

8. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

9. Mr. Wilson is a 25-year old African American male.

10. On or about February 14, 2013, at approximately 2:30 p.m., Mr. Wilson was at the intersection of Ridgewood Avenue and Cleveland Street in Brooklyn, New York.

11. PO Gilmore, PO Dalto and PO Sarrica saw Mr. Wilson and shouted at him to freeze.

12. Mr. Wilson panicked and started to run from the officers.

13. After running approximately half a block, Mr. Wilson stopped running and lay down in the fetal position.

14. PO Gilmore, PO Sarrica and PO Dalto approached Mr. Wilson and started beating him.

15. Mr. Wilson suffered a laceration to his head and started to bleed from his head.

16. The police officers stamped on Mr. Wilson's ankle.

17. Mr. Wilson was handcuffed behind his back.

18. Mr. Wilson was unable to walk on account of the pain to his ankle.

19. The police officers dragged Mr. Wilson to their police car and threw Mr. Wilson into the car.

20. Mr. Wilson was taken to the 75th Precinct and processed.

21. Mr. Wilson was in excruciating pain and requested medical attention.

22. Mr. Wilson was taken by ambulance to Brookdale Hospital.

23. At the hospital, Mr. Wilson's ankle was put in a cast and his head wound was sealed with staples.

24. Mr. Wilson was taken back to the 75th Precinct and then to Central Bookings.

25. Mr. Wilson was charged and released on his own recognizance.

26. Mr. Wilson had to attend court, at which time the charges against him were dismissed.

27. Mr. Wilson continues to feel traumatized by the events of February 14, 2013, and is wary and fearful when he sees police officers. Mr. Wilson takes efforts to avoid police officers when in public.

28. Mr. Wilson suffered numerous physical injuries as a result of the incident, including, *inter alia,* scalp laceration, head contusion, ankle sprain, calcaneal fracture, a burst lip, as well as bruising, cuts and scrapes to his head, knees, elbows, back and torso.

29. Ms. Wilson has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

30. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

32. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

33. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

36. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

37. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

38. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**JURY DEMAND**

39. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 25, 2016

By:    /s/
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075